WILLIAM DEMOREST, PETITIONER-DEFENDANT, v. SOLAR MANUFACTURING C O R P O R A T I O N , RESPONDENT-PROSECUTOR.

Submitted October 7, 1947—Decided September 14, 1948.

Before Justices DONGES and EASTWOOD.

For the prosecutor, *Coult, Satz, Morse & Coult.*

For the defendant, *Joseph A. Lipman.*

PER CURIAM.

*Certiorari* was allowed to review the judgment of the Hudson County Court of Common Pleas reversing the judgment of the Compensation Bureau which dismissed the petition of the petitioner seeking compensation for an injury alleged

to have been the result of an accident on May 23d, 1945. The prosecutor in its brief admits that it is undisputed that the petitioner met with an accident on May 23d, 1945, while employed by the respondent, at which time a foreign substance described, as hot solder or cold solder lodged in petitioner's eye. It also admits that at the time of trial before the Workmen's Compensation Bureau the petitioner had lost all or practically all of his sight in that eye.

The dispute however is as to whether or not the ultimate condition admittedly sustained by the petitioner was causally related to the accident. Petitioner testified that while he was working the solder splashed in his eye and that he went to the respondent's doctor, Dr. Philip Kresh, who at the time was treating him from burns of the left thigh not related to the matter in question. The doctor said that he examined the eye and treated it and on May 26th, 1945, discharged the petitioner as cured of both the thigh and eye conditions.

For the petitioner Dr. Shapiro testified that he examined him on April 29th, 1945, and that he found the pupil of the right eye was very hazy; that there was evidence of old ulcerations on the cornea of the right eye and toward the nose; and that he found petitioner's vision to be about 20/200. He first estimated the loss of petitioner's vision in the right eye at 50 per cent. and later said that he thought it was 80 to 90 per cent., and that he had made the estimate of 50 per cent. to facilitate settlement of the case.

For the respondent four physicians testified and their testimony was clearly to the effect that there was no evidence of trauma, that there was nothing to indicate that the condition was due to the alleged accident, that in their opinion it was due to a medical condition, probably resulting from very high blood pressure, it being testified that the petitioner's blood pressure was 216 systolic over a diastolic of 140, and that this would produce the condition complained of.

The burden was upon the petitioner to establish the causal relationship between the condition complained of and a trauma arising out of and in the course of his employment. A consideration of the testimony leads us to the conclusion that the petitioner failed to establish such relationship by the

clear weight of the evidence and, therefore, that the determination of the Bureau dismissing the petitioner was justified under the evidence.

The judgment of the Hudson County Court of Common Pleas is reversed and the judgment of the Workmen's Compensation Bureau is affirmed.